IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM DAVID JONES,
Plaintiff,

v.                                                              Civil No. 3:23cv514 (DJN)

CARLOS DEL TORO,
Defendant.

**MEMORANDUM OPINION**

This matter comes before the Court on *pro se* Plaintiff William David Jones' ("Plaintiff") October 3, 2023 and October 4, 2023 Motions to Remove Attorney Evan Gordon as counsel for Defendant the Secretary of the Navy Carlos Del Toro ("Defendant"), (ECF Nos. 12, 16). For the foregoing reasons, the Court will DENY the Motions.

**I.     BACKGROUND**

The Court received this case via transfer from the Court of Appeals for the Federal Circuit on August 10, 2023, (ECF No. 1), and briefly reviews the relevant background.

The Department of the Navy, U.S. Marine Corps ("Navy") hired Plaintiff for a competitive service position as an operations research analyst, effective October 13, 2020. (Merit Systems Protection Board ("MSPB" or "the Board") Administrative Record ("AR") (ECF No. 20-1) at 56.)[1] On September 9, 2022, the Navy issued a Notice of Termination of Employment During Probationary Period ("Termination Notice"), thereby terminating Plaintiff's employment. (*Id.* at 32–33.)

---

[1]     The Court employs the Bates-numbered pagination used in the MSPB administrative record, filed by Defendant as ECF No. 20-1.

On September 12, 2022, Plaintiff timely appealed his probationary termination to the MSPB, arguing that he possessed the statutory right to appeal his termination to the MSPB and that the Navy terminated him in retaliation for Plaintiff engaging in activity pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). *Jones v. Merit Sys. Prot. Bd.*, Case No. 2023-1442, Order (U.S. Court of Appeals for the Federal Circuit, June 14, 2023) Doc. 26-1, at 2. The MSPB administrative judge ("AJ") assigned to the case dismissed Plaintiff's appeal for lack of jurisdiction on October 26, 2022. (AR 358–74.)

After the AJ's initial decision became the final decision of the MSPB on November 30, 2022, Plaintiff timely filed an appeal on January 19, 2023 to the Court of Appeals for the Federal Circuit. Case No. 23-1442 (U. S. Court of Appeals for the Federal Circuit, Jan. 31, 2023), Doc. 1-1. On June 14, 2023, the Federal Circuit held that it lacked jurisdiction over a "mixed-case" appeal from the MSPB unless Plaintiff dropped his discrimination claims, and noted its intent to transfer the case to this Court pursuant to 28 U.S.C. § 1631 unless Plaintiff formally waived his Title VII claims within thirty days. Case No. 23-1442, Doc. 26-1 (June 14, 2023 Order) at 2. Plaintiff failed to do so, instead requesting transfer of the case to this Court. Case No. 23-1442, Doc. 27 at 2. The Federal Circuit transferred the case to this Court on August 10, 2023. (ECF No. 1.) On September 26, 2023, this Court substituted Secretary of the Navy Carlos Del Toro as Defendant, following briefing on the matter. (ECF No. 11.)

On September 25, 2023, attorney Evan Gordon entered his appearance as counsel for Defendant. (ECF No. 10.) Defendant represents that Gordon, an attorney in the Office of Counsel to the Commandant of the U.S. Marine Corps, did not possess knowledge of Plaintiff before August 29, 2022, at which time he received a draft Termination Notice from Labor & Employment Relations (LER), Marine Corps Base Quantico for the purpose of providing a legal sufficiency review of the draft. (Gov't. Opp. to Pl.'s Mots. to Disqualify Att'y. Evan Gordon

("Gov't. Opp.") (ECF No. 22) at 3–4.) The Government adds that he "did not draft or edit any version of the Notice, nor did he participate or have any involvement whatsoever in the decision making process" that Plaintiff's superiors conducted to terminate Plaintiff. (*Id.*)

On October 3, 2023, Plaintiff filed an objection to attorney Gordon's representation of Defendant in this matter, stating that he intends to call attorney Gordon as a witness in this case, because Gordon "played a significant role in drafting and presenting certain papers used in [Plaintiff's] termination." (Mot. and Objection to Addition of Mr. Evan Gordon as *Pro Hac Vice* Representative for the Gov't. ("Pl's. Objection") (ECF No. 12) at 2.) In Plaintiff's view, Gordon's role as counsel to the Secretary of the Navy in this matter therefore "presents a conflict of interest" that violates Rule 3.7(a) of the American Bar Association's ("ABA") Model Rules of Professional Conduct, necessitating his disqualification as an attorney in this action. (*Id.*) The Court denied this objection as moot, because attorney Gordon had already entered an appearance for Defendant, but also ordered briefing on Plaintiff's request to remove attorney Gordon from the case due to the alleged conflict of interest. (ECF No. 14.)

Plaintiff then filed a Letter Motion "Addressing Perceived Attorney Misconduct" on October 4, 2023, alleging that an email dated September 29, 2023 that he received from attorney Gordon, in which Gordon wrote that he tried to call Plaintiff and sought to "briefly discuss with [him] the case milestones," violated the ABA's Model Rules of Professional Conduct and constituted separate grounds for the Court to remove attorney Gordon from the case. (Pl.'s Ltr. Mot. Addressing Perceived Att'y. Misconduct and Mot. to Remove Mr. Evan Gordon as Att'y. ("Pl's. Ltr. Mot.") (ECF No. 16) at 1–3.) Plaintiff argues that Gordon's email "is not in line with good court decorum," questioning the truthfulness of Gordon's statements to Plaintiff and contending that Gordon improperly sought to act as the Court's "case management representative." (*Id.* at 3.)

3

On November 1, 2023, the Government filed its opposition to Plaintiff's requests to disqualify attorney Gordon. (ECF No. 22.) Plaintiff filed a reply on November 13, 2023, rendering this issue ripe for review.[2]

## II. STANDARD OF REVIEW

ABA Rule 3.7(a), adopted by Virginia as Virginia Rule of Professional Conduct 3.7(a), states that "[a] lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness," except for where "(1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." This Court's Local Rule 83.1(I) uses the Virginia Rules of Professional Conduct as the professional ethics guidelines for attorneys before the Court.

The Court uses a three-prong test to determine whether Virginia Rule 3.7(a) calls for an attorney's disqualification in a matter: the moving party bears the burden to show that "the testimony of the lawyer is: (1) relevant; (2) necessary; and (3) is or may be prejudicial to the client whose lawyer is to be called as a witness by the adverse party." *Ford Motor Co. v. Nat'l Indem. Co.*, 2013 WL 4498698, at *4 (E.D. Va. Aug. 21, 2013) (quoting *Personalized Mass Media Corp. v. Weather Channel, Inc.*, 899 F. Supp. 239, 243 (E.D. Va. 1995)). The Court must balance disqualification against "the fundamental principle that a party ought to be represented by its counsel of choice if that is at all possible." *Ford*, 2013 WL 4498698, at *4. Indeed, the movant must prove that the attorney's "testimony is strictly necessary, not merely relevant and useful," and "must overcome a substantial burden to prove the necessary elements of the

---

[2] In Plaintiff's reply brief, Plaintiff also addressed Defendant's Motion for Partial Summary Judgment and Motion to Dismiss, (ECF No. 19). The Court defers consideration of this Motion to a separate order.

4

witness-advocate rule." *Id.* (internal citations omitted). And while this Court must construe *pro se* filings liberally, *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022), the Court does not act as a *pro se* litigant's advocate or develop claims that they fail to raise themselves. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

#### A. Perceived Attorney Misconduct

Initially, Defendant disputes Plaintiff's allegations of perceived attorney misconduct and further rejects the notion that attorney Gordon's representation of Defendant in this matter constitutes a conflict of interest. Defendant argues that Plaintiff's Letter Motion, (ECF No. 16), lacks any basis in law or fact, explaining that attorney Gordon sought to contact Plaintiff at the direction of Assistant U.S. Attorney ("AUSA") Elizabeth Wu, counsel for Defendant, for the purpose of ascertaining Plaintiff's position on Defendant's request for an extension of time to file a responsive pleading.[3] (Gov't. Opp.at 4–5.) As Defendant points out, attorney Gordon's September 29, 2023 email to Plaintiff came several days *before* the filing and service by U.S. mail of Plaintiff's objection to attorney Gordon's appearance as counsel for the Secretary of the Navy. (*Id.* at 6.) Given the sheer implausibility that Defendant, at the time that attorney Gordon contacted Plaintiff, was even *aware* of Plaintiff's objection to attorney Gordon's appearance as counsel, the Court disagrees with Plaintiff's contention that attorney Gordon's efforts to contact Plaintiff constituted professional misconduct. Moreover, the Government explains that, contrary to Plaintiff's conjecture that attorney Gordon may have displayed a lack of candor regarding his attempt to call Plaintiff, attorney Gordon simply was teleworking and had not been issued a

---

[3] The Court also notes Defendant's explanation that attorney Gordon made contact at the request of AUSA Wu, because AUSA Wu was dealing with the terminal illness and death of her mother. (ECF No. 22 at 5.) The Court finds that AUSA Wu's request for attorney Gordon to contact Plaintiff regarding this matter was appropriate.

5

government cell phone, so he blocked visibility of his personal cell phone. (*Id.* at 5.) The Court therefore rejects Plaintiff's allegations that attorney Gordon's actions constituted misconduct.

### B. Standing

Second, the Government disputes Plaintiff's contention that attorney Gordon's representation of the Secretary of the Navy in this matter constitutes an impermissible conflict of interest in violation of Virginia Rule of Professional Conduct 3.7(a), as adopted by this Court. As a threshold matter, the Government asserts that Plaintiff lacks standing to object to Gordon's representation, because, since Gordon does not represent *him*, he would not be the party prejudiced by an alleged conflict of interest. (*Id.* at 7, citing *Wright v. Williamsburg Area Med. Assistance Corp. (WAMAC)*, 2013 WL 12184285, at *1 (E.D. Va. Apr. 9, 2013) (ruling that "[t]he party moving for disqualification must have had or currently have an attorney-client relationship with counsel in question in order to object to the representation").

Defendant's citation to *Wright* is inapposite. There, the Court considered a potential violation of a different professional rule: Virginia Rule of Professional Conduct 1.7(a), which prohibits a lawyer from representing a client if: "(1) the representation of one client will be directly adverse to another client; or (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." *Wright*, 2013 WL 12184285, at *1 (quoting Va. R. Prof'l Conduct 1.7(a)). Here, Plaintiff's argument instead concerns the "witness-advocate" rule, i.e., Rule 3.7(a). And indeed, this Court has considered other objections to an attorney's representation lodged by parties that the attorney did not represent. *See, e.g., United States v. Perry*, 30 F. Supp. 3d 514, 545–54 (E.D. Va. 2014) (considering but denying Government's motion to disqualify defense counsel); *Ford*, 2013 WL 4498698, at *1 (granting defendant's motion to disqualify plaintiff's trial counsel). Accordingly, Plaintiff has standing to challenge attorney Gordon's representation of Defendant.

C.  **"Strictly Necessary" Witness**

Plaintiff, however, has a high bar to clear here, as he bears the burden of proof. *Ford*, 2013 WL 4498698, at *4. As noted above, Plaintiff must prove that attorney Gordon's "'testimony is strictly necessary, not merely relevant and useful,'" and "must 'overcome a substantial burden to prove the necessary elements of the witness-advocate rule.'" *Id.*

Stating that attorney Gordon (1) "played a significant role in drafting and presenting certain papers used in [Plaintiff's] termination" and (2) "admitted that he conferred with several other persons who will be called as witnesses in this litigation," Plaintiff expresses his intent to call attorney Gordon "as a witness to testify about certain matters central to this litigation." (Pl.'s Objection at 2.) He adds that attorney Gordon "is well aware that his involvement with [Plaintiff's] termination includes confidential information about" Plaintiff, which could "materially disadvantage" Plaintiff. (*Id.* at 4.) In his reply brief, Plaintiff elaborates, stating that he plans to call Gordon to testify about: "(1) his role in editing, revising, and approving the defective letter of termination which Jones received; (2) his advice to and interaction with persons at Human Resources; (3) his advice to and interaction with Jones' chain of command; and (4) his interaction with the Security Office regarding these defects." (Pl.'s Resp. to Def.'s Position Regarding Mr. Evan Gordon in his Role as *Pro Hac Vice* Att'y. / Advocate for the Gov't. ("Pl.'s Resp.") (ECF No. 25) at 7.)

The Parties evidently disagree about whether attorney Gordon "played a significant role in Jones' termination," as Plaintiff puts it, (Pl.'s Resp. at 8), or whether attorney Gordon simply conducted a "legal sufficiency review" but otherwise "did not draft or edit any version of the Notice" nor participate in the Navy's decision to terminate Plaintiff, (Gov't. Opp. at 4.). But regardless of the precise nature of attorney Gordon's involvement in Plaintiff's termination, the Court focuses on whether Plaintiff has met his substantial burden to prove that attorney Gordon's

7

testimony would be relevant, strictly necessary and prejudicial to Defendant. *Ford*, 2013 WL 4498698, at *4. Because Plaintiff asserts that he will argue that Lt. Col. Oscar Alanis, the official who terminated Plaintiff, "had a personal vendetta against Jones for introducing Jones' prior EEO and MSPB activity into the workplace and for retaliating against Jones for bringing an EEO action against Alanis," the Court assumes that Plaintiff's interest in attorney Gordon serving as a witness relates to Plaintiff's Title VII retaliation claim. (Pl.'s Resp. at 7.)

Accordingly, as Defendant notes, Plaintiff must prove three elements to establish a *prima facie* case of Title VII retaliation: (1) he engaged in a protected activity; (2) the defendant took an adverse action against him; and (3) the two events were causally linked. (Gov't. Resp. at 9–10, citing *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005).) Furthermore, for a Title VII retaliation claim to be actionable, reprisal must have comprised the "but-for" cause of the adverse personnel action. *Coleman v. Pentagon Fed. Credit Union*, 2017 WL 1044693, at *4 (E.D. Va. Mar. 17, 2017). Other than his conclusory assertion that attorney Gordon "played a substantial role in Jones' termination" and drafted papers for the same, Plaintiff does not explain how attorney Gordon's testimony would illustrate that retaliation for a protected activity constituted the but-for cause of Plaintiff's termination. The uncontested facts indicate that Gordon reviewed Plaintiff's Termination Notice, but the Parties contest his level of involvement. However, assuming arguendo that the Termination Notice contained certain details on *why* the Navy chose to terminate Plaintiff, the Court accepts that attorney Gordon's testimony could qualify as relevant. *See Wall*, 42 F.4th at 218 (instructing district courts to construe *pro se* filings liberally).

But turning to the second prong of the "witness-advocate" rule, the Court is unpersuaded that Plaintiff has shown that attorney Gordon constitutes a "strictly necessary" witness, not merely a "relevant and useful" one. *Ford*, 2013 WL 4498698, at *4. As outlined above, the

most that Plaintiff presents at this juncture comprises allegations that attorney Gordon played a role in the draft Termination Notice and spoke with Human Resources personnel, the "Security Office" and individuals in Plaintiff's chain of command about the matter. (Pl's. Resp. at 7.) But since these actions appear to have arisen *after* supervising officials decided to terminate Plaintiff, the Court does not see how attorney Gordon's testimony would be strictly necessary to showing that reprisal constituted the "but-for" cause of the termination decision, particularly because Plaintiff himself identifies Lt. Col. Alanis as the key decision-maker behind the alleged reprisal. (*Id.*) While attorney Gordon's alleged conversations with Human Resources personnel and Jones' superiors may have provided attorney Gordon with information regarding the termination decision-making, these other individuals — namely, Lt. Col. Alanis and Human Resources personnel — presumably would possess this information, as well.

As this Court has repeatedly held, a party seeking to disqualify opposing counsel faces a heavy burden of proof. *Sutherland v. Jagdmann*, 2005 WL 5654314, at *2 (E.D. Va. Oct. 31, 2005); *Lewis v. Capital One Services, Inc.*, 2004 U.S. Dist. LEXIS 26978, at *6 (E.D. Va. June 10, 2004). And where, as here, the lawyer whom a party seeks to disqualify has proffered that he played a "very limited role" in finalizing a document at issue, such a proffer further undercuts a motion for disqualification. *Tattoo Art, Inc. v. TAT Int'l, LLC*, 2010 WL 11469802, at *3 (E.D. Va. Oct. 18, 2010). Indeed, attorney Gordon proffered that his testimony would focus on his legal sufficiency review of the Termination Notice "after the decision to terminate Plaintiff had already been made, and further, would reveal that he did not participate in any capacity in the decision to terminate Plaintiff, nor did he draft or edit any version of the termination notice." (Gov't. Resp. at 12.)

To be clear, an attorney cannot escape disqualification merely because another party could testify to the same topics. *Personalized Mass Media*, 899 F. Supp. at 243. But here,

Plaintiff has not established that attorney Gordon possesses "unique knowledge about the reasons for" the conduct at issue. *Id.* Nor is this a case in which attorney Gordon, "beginning years before the initiation of this litigation, has been heavily involved in working on behalf of" the Navy on this matter. *Ford*, 2013 WL 4498698, at *6. To the contrary, attorney Gordon proffers that he became involved only *after* the Navy decided to terminate Plaintiff, and only then to conduct a legal sufficiency review of the Termination Notice. (Gov't. Resp. at 12.)

Attorney Gordon's testimony therefore does not strike the Court as "genuinely unique so as to be strictly necessary," *Sutherland*, 2005 WL 5654314, at *2, given his proffer that he would testify that he did not participate in the termination decision and that Alanis and numerous other unspecified individuals would, based on Plaintiff's filings, possess the relevant information regarding retaliatory animus.

## V. CONCLUSION

For the foregoing reasons, the Court will hereby DENY Plaintiff's Motions, (ECF Nos. 12, 16).

Let the Clerk file a copy of this Memorandum Opinion electronically and notify *pro se* Plaintiff and all counsel of record.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: December 8, 2023