IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM DAVID JONES,
　　Plaintiff,

　　　　　　v.　　　　　　　　　　　　　　　Civil No. 3:23cv514 (DJN)

CARLOS DEL TORO,
　　Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff William David Jones' ("Plaintiff"

or "Jones") Motion for a Jury Trial, (ECF No. 13), and on Defendant Secretary of the Navy

Carlos Del Toro's ("Defendant") Motion for Partial Summary Judgment and Motion to Dismiss,

(ECF No. 19).  For the foregoing reasons, the Court will DENY Plaintiff's Motion for a Jury

Trial, (ECF No. 13), and GRANT Defendant's Motion for Partial Summary Judgment and

Motion to Dismiss, (ECF No. 19).

## I.　　　BACKGROUND

The Court received this case via transfer from the United States Court of Appeals for the

Federal Circuit on August 10, 2023.  (ECF No. 1.)  The Court reviews the relevant background,

including evidence from the Merit System Protection Board's ("MSPB" or "the Board")

administrative record.  *See Rana v. United States,* 812 F.2d 887, 890 (4th Cir. 1987) (holding that

a court may consider evidence created by the MSPB's formal record when reviewing appeals

from the Board); *Monk v. Potter*, 723 F. Supp. 2d 860, 867 (E.D. Va. 2010) (same).

### A.　　　Factual Background

The Department of the Navy ("Navy") hired Plaintiff for a competitive service position

as an operations research analyst, effective October 13, 2020.  (MSPB Administrative Record

("AR") (ECF No. 20-1) at 56.)[1] Plaintiff, a U.S. military veteran who qualified for federal preferential hiring for veterans, had previously worked in three other federal civilian service positions: one with the Bureau of Indian Affairs (from August 19, 2013 through July 25, 2014); one with the Defense Logistics Agency ("DLA") (from October 5, 2014 through November 17, 2018); and another with the Department of the Army ("Army") (from April 29, 2019 through April 29, 2020). (*Id.* at 359.) Accordingly, Plaintiff experienced multiple breaks in federal service during the relevant time period: a 72-day break between his last day with the Bureau of Indian Affairs and his first day with DLA, a 163-day break between his last day with DLA and first day with the Army, and a 167-day break between his last day with the Army and first day with the Navy. (*Id.*)

On September 9, 2022, the Navy issued a Notice of Termination of Employment During Probationary Period ("Termination Notice"), thereby terminating Plaintiff's employment. (*Id.* at 32–33.) The Termination Notice stated that Plaintiff's termination stemmed from a series of incidents involving unprofessional conduct, failure to follow instructions from his superiors and unacceptable performance. (*Id.*)

## B.    Procedural History

On September 12, 2022, Plaintiff timely appealed his termination to the MSPB, arguing that he possessed the statutory right to appeal his termination to the MSPB and that the Navy terminated him in retaliation for Plaintiff engaging in activity pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Order at 2, *Jones v. Merit Sys. Prot. Bd.*, No. 23-1442 (Fed. Cir. June 14, 2023) (hereinafter "Case No. 23-1442"), ECF No. 26-1. The MSPB administrative judge ("AJ") assigned to the case dismissed Plaintiff's appeal for lack of jurisdiction on October

---

[1]    The Court employs the Bates-numbered pagination used in the MSPB administrative record, filed by Defendant as ECF No. 20-1.

26, 2022, finding that Plaintiff qualified as a probationary employee at the time of his termination, and that he therefore lacked a statutory appeal right and had not satisfied the requirement for a regulatory appeal right. (AR 358–74.) Because the AJ dismissed the action for lack of jurisdiction, he did not adjudicate Plaintiff's Title VII retaliation claim or potential "affirmative defenses" that Plaintiff raised.

After the AJ's initial decision became the final decision of the MSPB on November 30, 2022, Plaintiff timely filed an appeal on January 19, 2023 to the Court of Appeals for the Federal Circuit. Case No. 23-1442, ECF No. 1-1. Since the MSPB based its dismissal of Plaintiff's appeal on jurisdictional grounds rather than on the merits, the Federal Circuit designated the MSPB as the respondent, pursuant to 5 U.S.C. § 7703(a)(2), the statutory provision that determines the proper respondent in a Federal Circuit or other circuit court appeal of a MSPB decision. Order, Case No. 23-1442, ECF No. 18. The Federal Circuit also issued a show-cause order for why the case should not be transferred to a federal district court. *Id.* In response, the MSPB argued that a federal district court would be the proper forum, because Plaintiff's allegation of Title VII retaliation rendered the matter a "mixed case" under *Harris v. Securities Exchange Commission*, 72 F.3d 1307 (Fed. Cir. 2020), and *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975 (2017). Resp. of MSPB at 3–5, Case No. 23-1442, ECF No. 20. Plaintiff responded to the Federal Circuit's show-cause order by moving, among other issues, to "recaption the complaint against the Navy (USMC) and not the MSPB," and to "dismiss the claim of Title VII discrimination (retaliation) into this appeal." Resp. of Petitioner William David Jones, Case No. 23-1442, ECF No. 21 at 13.

On June 14, 2023, the Federal Circuit held that it lacked jurisdiction over a "mixed-case" appeal from the MSPB unless Plaintiff dropped his discrimination claims, and noted its intent to

transfer the case to this Court pursuant to 28 U.S.C. § 1631 unless Plaintiff formally waived his Title VII claims within 30 days. *Id.*, ECF No. 26-1 (June 14, 2023 Order) at 2. Plaintiff failed to do so, instead requesting transfer of the case to this Court. *Id.*, ECF No. 27 at 2. The Federal Circuit transferred the case to this Court on August 10, 2023. (ECF No. 1.) On September 26, 2023, this Court substituted Secretary of the Navy Carlos Del Toro as Defendant, following briefing on the matter. (ECF No. 11.)

On October 3, 2023, Plaintiff filed the pending Motion for a Jury Trial, basing this request on the Seventh Amendment. (ECF No. 13 at 6.) On November 1, 2023, Defendant filed his response to Plaintiff's Motion for a Jury Trial. (ECF No. 23.)

Defendant filed the pending Motion for Partial Summary Judgment and Motion to Dismiss and accompanying Memorandum, (ECF Nos. 19–20), on November 1, 2023. Defendant requests that the Court (1) grant summary judgment under Federal Rule of Civil Procedure 56 in favor of Defendant as to Plaintiff's appeal of the Board's dismissal of Plaintiff's nondiscrimination claim for lack of jurisdiction; and (2) dismiss Plaintiff's Title VII retaliation claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff filed his response in opposition to Defendant's Motion for Partial Summary Judgment and Motion to Dismiss on November 13, 2023. (ECF No. 25.) Defendant replied on November 20, 2023, (ECF No. 26), rendering these Motions ripe for review.[2]

---

[2]    Additionally, on December 4, 2023, Plaintiff filed a document styled as a "Memorandum in Response to the Defendant's Reply Memorandum in Support of the Defendant's Partial Summary Judgment and Motion to Dismiss and Plaintiff's Motion for a Hearing Based Upon the Agency's Memorandum (ECF 26), New Evidence, and Administrative Record." (ECF No. 27.) The Court liberally construed this *pro se* filing as a Motion for Leave to File a Sur-Reply, granted the motion and ordered the Clerk's Office to docket the filing as Plaintiff's Sur-Reply. (ECF No. 29.) In his Sur-Reply, Plaintiff primarily rehashes the arguments that he raised in his opposition to Defendant's Motion for Partial Summary Judgment and Motion to Dismiss.

## II.    STANDARD OF REVIEW

### A.    Rule 56

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958–59 (4th Cir. 1996). The party seeking summary judgment has the burden to identify the parts of the record indicating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Whether a fact is considered "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists by going "beyond the pleadings." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson*, 477 U.S. at 255); *see also Lettieri v. Equant Inc.*, 478 F.3d 640, 642 (4th Cir. 2007). Thus, the Court must determine whether Defendant has demonstrated no genuine issue of material fact and whether a reasonable jury could return a verdict for Plaintiff.

**B.      Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve factual contests, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  In considering a motion to dismiss, the Court accepts the plaintiff's well-pleaded allegations in the complaint as true and views the facts in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  As the Supreme Court opined in *Twombly*, a complaint or counterclaim must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted).  Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570.  Thus, a complaint or counterclaim must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557.  The facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Moreover, while "courts must liberally construe the claims of *pro se* litigants, the 'special judicial solicitude' with which a district court should view . . . *pro se* [filings] does not transform

6

the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).  Indeed, courts need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).  As the Fourth Circuit explained, "[t]hough [*pro* se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

### III.    ANALYSIS

#### A.    Motion for Summary Judgment

The Court first addresses Defendant's request for summary judgment as to Plaintiff's appeal of the Board's dismissal of Plaintiff's claim for lack of jurisdiction.  The MSPB's determination that it lacked jurisdiction over Plaintiff's appeal constitutes a nondiscrimination claim; the Court addresses Plaintiff's Title VII retaliation claim *infra*.

Defendant argues that this Court, in reviewing MSPB's dismissal for lack of jurisdiction, should apply a "deferential record review standard," i.e., the Court should "not overturn the MSPB's factual findings unless they were arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law." (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") (ECF No. 20) at 5, citing *Archuleta v. Sullivan*, 944 F.2d 900 (Table), 1991 WL 179071, at *2 (4th Cir. 1991).)  Plaintiff does not address whether the "arbitrary and capricious" standard should apply.  Instead, he devotes the bulk of his opposition to the merits of his appeal and presents arguments as to why he possessed the right to appeal the Board's decision. (Pl.'s Opp. to Mot. for Partial Summ. J. and Mot. to Dismiss ("Pl.'s Opp.") (ECF No. 25) at 13–34.)

7

Regardless of the relative merits of Plaintiff's appeal, the Court follows statutory authority and Fourth Circuit precedent for applying the "arbitrary and capricious" standard of review to a nondiscrimination claim arising from a MSPB appeal. By its plain language, 5 U.S.C. § 7703(c) states that the Federal Circuit, in reviewing a Board appeal, shall "hold unlawful and set aside any agency action, findings, or conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence," except in the case of a discrimination claim, which gets *de novo* review. The Court therefore agrees with Defendant that this deferential record review standard applies.

As this Court noted in 2021, where the Board issues a judicially reviewable action within 120 days of the initiation of an administrative appeal, "judicial review proceeds under the deferential record review standard set forth in § 7703." *Clark v. Brown*, 536 F. Supp. 3d 56, 62 (E.D. Va. 2021). Here, Plaintiff filed his appeal on September 12, 2022 to the Board, whose decision became final on November 30, 2022, i.e., within the 120-day period. (Def's. Mem. at 3.) Accordingly, the Court applies the record review standard set forth in § 7703 and will not overturn the MSPB's finding that the Board lacked jurisdiction over Plaintiff's administrative appeal unless this finding qualifies as arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. 5 U.S.C. § 7703(c); *see also Hooven-Lewis v. Caldera*, 249 F.3d 259, 266 (4th Cir. 2001) (affirming grant of summary judgment for defendant where MSPB did not abuse its discretion or make arbitrary and capricious findings); *Archuleta*, 1991 WL 179071, at *2 (rejecting plaintiff's argument that the district court should have conducted a *de novo* review of nondiscrimination claims and affirming the district court's decision that the MSPB made the correct determination based on "substantial evidence"). Since *Archuleta*, the Fourth Circuit has defined "substantial evidence" in the context

8

of reviewing an administrative agency's decision as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Buchanan Mining Co. v. Sec'y of Labor*, 841 F.3d 642, 647 (4th Cir. 2016).

Furthermore, Plaintiff bears the burden of establishing that the Board's dismissal for lack of jurisdiction constituted arbitrary or capricious conduct, procedural impropriety or lack of substantial evidence. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998); *Ridgell v. Colvin*, 2013 WL 952253, at *8 (D. Md. Mar. 11, 2013). While drawing all justifiable inferences in Plaintiff's favor, the Court therefore considers whether he has met this burden. *Carolina Transformer Co.*, 978 F.2d at 835.

Here, the Board's Administrative Judge Paul DiTomasso ("Judge DiTomasso" or "the AJ") noted that Plaintiff experienced multiple breaks in his federal civilian service:  a 72-day break between his last day with the Bureau of Indian Affairs and his first day with DLA, a 163-day break between his last day with DLA and first day with the Army, and a 167-day break between his last day with the Army and first day with the Navy. (AR 359). Judge DiTomasso found that Plaintiff "received a competitive service appointment" with the Navy, which hired him "under its modified direct hiring authority set forth at Pub. L. No. 116-92, 133 Stat 1198, § 1109 (2019)." (*Id.*) The AJ then carefully reviewed the relevant rules for determining if the Board could exercise jurisdiction over Plaintiff's case, observing that the MSPB possesses jurisdiction over appeals filed by an "employee" as defined in 5 U.S.C. § 7511(a)(1). (AR 361.) To qualify as a U.S. Department of Defense ("DoD") "employee" with appeal rights under this statutory chapter as it existed at the time of Plaintiff's Navy appointment, the AJ found that an individual in the competitive service must show either that he (1) is not serving a probationary period under an initial appointment or (2) has completed two years of current continuous service under a non-temporary appointment. (*Id.*, citing to 10 U.S.C. § 1599e; 5 U.S.C. § 7511(a)(1)(A);

9

*Bryant v. Dep't. of the Army*, 2022 M.S.P.B. 1, ¶ 8; *Hurston v. Dep't. of the Army*, 113 M.S.P.R.

34, ¶ 9 (2010).)[3]  The AJ noted that even if a probationary employee had not, immediately

preceding the adverse employment action, completed at least two years of current continuous

service without a break in federal civilian employment, the employee could nonetheless tack on

prior service to meet the two-year requirement "if: (1) the prior service was rendered

immediately preceding the probationary appointment; (2) it was performed in the same agency;

(3) it was performed in the same line of work; and (4) it was completed with no more than one

break in service of less than 30 days." (AR 361–62.)

Turning to Plaintiff's appeal, the AJ noted the undisputed facts that Plaintiff began his

competitive service appointment on October 13, 2020, and that the Navy terminated him on

September 9, 2022. (*Id.* at 362.)[4]  Because Plaintiff therefore did not serve in his Navy position

for two years of current continuous service, the AJ found, he did not qualify as an "employee"

---

[3]     The AJ noted that "current continuous service" in this context constitutes "a period of employment or service immediately preceding an adverse action without a break in [f]ederal civilian employment of a workday," and that such service does not have to be in the same agency or in same or similar positions. (AR 361 n.8, citing *Ellefson v. Dep't. of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005).)

[4]     The Court notes that Plaintiff, in his opposition to Defendant's Motion for Partial Summary Judgment, now contends that the Navy hired him as part of the excepted service, rather than the competitive service. (Pl.'s Opp. at 16.) However, this claim stands in stark contrast to the MSPB record, including ample documentation and numerous prior assertions that Plaintiff himself made before the Board. *See, e.g.*, AR 22 (Plaintiff states that he "was not hired in the Excepted Service; he was hired in the Competitive Service."); *id.* at 25 (Plaintiff states that his "SF-50 clearly shows that he is not an Excepted Service employee, but a Competitive Service employee."); *id.* at 56 (AJ finding that "[t]he record to this point shows the following:  on October 13, 2020, the agency appointed [Plaintiff] to the competitive service position of Operations Research Analyst, GS-1515-13."); *id.* at 70 (Plaintiff states that he "belongs to the COMPETITIVE SERVICE as clearly shown in his SF-50 dated 2 January 2022.") (emphasis in the original); *id.* at 189–94 (Box 34 of *all* SF-50 forms dated October 13, 2020 (Plaintiff's date of appointment with the Navy) indicating that Plaintiff's position fell within the competitive service).

with statutory appeal rights. (*Id.*) Moreover, the AJ found that Plaintiff could not tack on his prior stints of federal service to meet the two-year threshold, because he served these stints with different agencies (the Bureau of Indian Affairs, the DLA and the Army) and accrued breaks greater than thirty days between serving each role. (*Id.*)[5] The AJ cited to well-established Board precedent to conclude that Plaintiff's completion of a previous probationary period did not qualify as relevant here, and that Plaintiff could not count his military service to meet the timing requirement. (*Id.* at 362–63, citing *Hurston*, 113 M.S.P.R. 34, ¶ 10; *Baggan v. Dep't. of State*, 109 M.S.P.R. 572, ¶ 7 (2008); and *Bell v. Dep't. of Homeland Security*, 95 M.S.P.R. 580, ¶ 17 (2004).)

The AJ also correctly focused on 10 U.S.C. § 1599e, which at the time of Plaintiff's Navy position imposed a two-year probationary period to individuals appointed to DoD competitive service positions. (AR 363.) Although Plaintiff highlighted that Congress repealed this probationary period, the AJ noted that this repeal only affected DoD appointments effective December 31, 2022 and beyond (and therefore did not bear on Plaintiff's appointment). (*Id.*, citing Pub. L. No. 117-81, 135 Stat 1541, § 1106 (2021).)

Furthermore, the AJ addressed Plaintiff's arguments that (1) his Termination Notice incorrectly described him as an excepted service individual, rather than as part of the competitive service, and (2) a certain copy of his Standard Form 50 ("SF-50") tentative offer letter did not refer to a probationary period. (*Id.* at 364.) The Court pays particular attention to this part of the AJ's decision, as Plaintiff devotes much of his filings with this Court to his contentions regarding these alleged inconsistencies. (Pl.'s Opp. at 16–19; Sur-Reply at 4–5.) The AJ rejected

---

[5]    As the AJ correctly held, the Army and DLA constitute separate "agencies" from the Navy for tacking purposes under this statute. (AR 362 n.9, citing *Perez v. Dep't. of the Navy*, 193 F.3d 1371, 1373 (Fed. Cir. 1999).)

Plaintiff's arguments regarding the SF-50s, finding that pursuant to Federal Circuit case law,

Plaintiff "is not entitled to Board appeal rights by virtue of an agency incorrectly completing a

SF-50, citing an incorrect regulation, or not mentioning a probationary period in an offer letter."

(AR 364, citing *Williams v. Merit Syst. Prot. Bd.*, 892 F.3d 1156, 1163 (Fed. Cir. 2018).) The

administrative record contained all the various SF-50 forms that Plaintiff filed for the AJ's

review, (AR 128–55), and after reviewing these forms, Judge DiTomasso dismissed Plaintiff's

points on this issue, rightly noting that "controlling authorities, i.e., statutes, case law, and

regulations" — rather than errors in particular SF-50 forms — dictate the Board's jurisdiction,

*(id.* at 364). Indeed, with 10 U.S.C. § 1599e in place during the relevant timeframe, Plaintiff

could not prevail on this point, as he faced a two-year probationary period.

Lastly, the AJ correctly noted that as Plaintiff did not allege that his termination stemmed

from "partisan political reasons, marital status or reasons based on matters that occurred prior to

his appointment," he failed to nonfrivolously allege and/or prove a *regulatory* right to appeal.

(AR 365, citing 5 C.F.R. §§ 315.805 and .806(a)-(c).)

Contrary to Plaintiff's protestations in his opposition to Defendant's Motion, the record is

rife with references to the undisputed fact that his relevant position with the Navy constituted a

role in the competitive service. (*See infra* n.4.) And while Plaintiff makes much of his Navy

appointment arising under "Direct Hiring Authority," (Pl.'s Opp. at 13), the AJ already noted

that the Navy hired him pursuant to "its modified direct hiring authority set forth at Pub. L. No.

116-92, 133 Stat 1198, § 1109 (2019)," and found that Plaintiff's appointment corresponded with

a two-year probationary period, (AR 359). Additionally, as outlined above, the AJ thoroughly

reviewed the entirety of Plaintiff's arguments regarding his alleged right to appeal and found

them unavailing. (*Id.* at 363.) The AJ's findings arise from "such relevant evidence as a

12

reasonable mind might accept as adequate," *Consol. Buchanan Mining Co.*, 841 F.3d at 647, as

the AJ reviewed the holistic record of SF-50 forms and related material.

In his appeal to this Court, Plaintiff emphasizes his status as a "more-than-30%, service-

connected, disabled veteran," (Pl.'s Opp. at 13), arguing that 5 U.S.C. § 7512 accords him with

statutory appeal rights to the Board, because he qualifies as a disabled veteran, (*id.* at 16–17).

But again, Judge DiTomasso noted Plaintiff's status as "a 10-point service-connected veteran."

(AR 359.)  While Plaintiff anchors his protected-veteran argument on his contention that he

constituted a member of the *excepted service*, (Pl.'s Opp. at 16), the AJ's findings — and

Plaintiff's own contentions in the MSPB proceeding — underscore that Plaintiff fell within the

*competitive service*. (*See infra* n.4.)  And as 5 U.S.C. § 7511 plainly stated at the time of

Plaintiff's Navy appointment, a two-year probationary period applied to individuals in the

competitive service.  This argument therefore does not present a genuine issue of material fact.

Plaintiff also devotes much of his opposition to Defendant's Motion to the Navy's

evaluation process for his position, (Pl.'s Opp. at 20–25), and to discussing who qualified as his

proper supervisor, (*id.* at 25–27).  However, these arguments do not bear on the threshold issue

of jurisdiction. *See Maddox v. Merit Syst. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985) (noting that

the MSPB does not possess plenary jurisdiction but rather operates within a clearly delineated

scope of authority).

The Court has surveyed the AJ's rigorously cited conclusions of fact and law on the basis

of the 375-page administrative record here, and these findings hardly strike the Court as arbitrary

and capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in

accordance with law.  In sum, regardless of the relative merits of Plaintiff's arguments regarding

alleged defects in his termination process, the Board's AJ did not abuse his discretion when he

found that the MSPB lacked jurisdiction over Plaintiff's appeal. (AR 360, citing *Maddox*, 759

13

F.2d at 10).  Accordingly, even in drawing all justifiable inferences in Plaintiff's favor, *Carolina*

*Transformer Co.*, 978 F.2d at 835, the Court will hereby GRANT Defendant's Motion for Partial

Summary Judgment as to Plaintiff's nondiscrimination claim.  The Court will therefore AFFIRM

the MSPB's dismissal of Plaintiff's administrative appeal for lack of jurisdiction.

### B.    Motion to Dismiss

The Court next turns to Defendant's Motion to Dismiss Plaintiff's retaliation claim.  The

Court conducts a *de novo* review of retaliatory discrimination claims that comprise part of a

"mixed-case" appeal from a MSPB decision.  5 U.S.C. § 7703(c); *see also Laber v. Harvey*, 438

F.3d 404, 421 (4th Cir. 2006) (noting that a Title VII discrimination action receives *de novo*

judicial review upon appeal of an administrative agency's decision, and that "a trial *de novo*

proceeds as if no earlier proceedings had been completed at all").  To pursue a discrimination

claim *de novo* before this Court, Plaintiff must set each claim out under the statute which

prohibits the act of discrimination.  *Walton v. U.S. Dep't of Agric.*, 2007 WL 1246845, at *10

(E.D. Mo. Apr. 30, 2007).  Plaintiff must therefore make a short and plain statement of the

grounds for this Court's jurisdiction and a short and plain statement of the claims showing that

he is entitled to relief.  F.R.C.P. 8(a).

To state a claim for retaliation, Plaintiff must plausibly allege that (1) he "engaged in a

protected activity"; (2) "the employer acted adversely against" him; and (3) "a causal connection

between the protected activity and the asserted adverse action."  *Ziskie v. Mineta*, 547 F.3d 220,

229 (4th Cir. 2008).  Plaintiff must state sufficient facts to support an allegation that the adverse

employment action stemmed from discrimination; otherwise, discrimination allegations do not

rise above the level of speculation.  *Salagh v. Va. Int'l Univ.*, 2017 WL 976620, at *4 (E.D. Va.

Mar. 13, 2017).

Liberally construing *pro se* filings, *Wilson*, 699 F.3d at 797, the Court therefore examines the record to determine if Plaintiff's appeal from the MSPB contains enough factual allegations "to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Twombly*, 550 U.S. at 555, 570. On a form, dated January 19, 2023, that he completed for his appeal to the Federal Circuit, Plaintiff checked "Yes" to the following question: "Before the MSPB or the Arbitrator, did you argue that the adverse employment action (1) was attributable to discrimination on the basis of race, color, religion, sex, age, national origin, or handicapping condition or (2) was retaliation for pursuing Equal Employment Opportunity activity?". Statement Concerning Discrimination pursuant to Fed. Cir. R. 15(c) for Petitioner William David Jones at 1, Case No. 23-1442, ECF No. 3. On the following question, which asked Plaintiff to identify the discrimination claim(s) that he raised before the MSPB, Plaintiff responded: "POSSIBLE retaliation for having filed an EEO complaint in December 2020. USMC dismissed this case in March/April 2021." *Id.* at 2. Later on the same form, Plaintiff marked the following box: "I did claim that I was discriminated against before the MPSB or the Arbitrator and I do not wish to abandon my discrimination claims." *Id.* at 3. Plaintiff therefore based his claim on alleged, "possible" retaliation for having filed a complaint ("EEO complaint") with the Equal Employment Opportunity Commission.

In addition, Plaintiff stated the following in his informal brief that he filed on February 20, 2023 with the Federal Circuit:

> It should be noted that the person who terminated Jones (Lt Col Alanis) was the subject of an EEO complaint which Jones had filed in December of 2020. It is Jones' belief that Alanis, suspecting that Jones could still be a probationary employee, retaliated against Jones for having filed the complaint against Alanis. Retaliation regarding an EEO complaint is not normally within the charter of the MSPB, but providing this information as an affirmative defense to this court appears admissible and tangible to the instant matter.

15

Informal Br. by Petitioner William David Jones at 7, Case No. 23-1442, ECF No. 11.  However,

in his May 17, 2023 response to the Federal Circuit's order directing the parties to show cause

why the Federal Circuit should not transfer the case to a federal district court, Plaintiff muddied

the waters on the question of whether he was still pursing a retaliation claim.  Corrected Resp. of

Petitioner William David Jones at 4, Case No. 23-1442, ECF No. 24.  Plaintiff made the

following statements in his May 17, 2023 filing:

- Jones is not basing this appeal on a Title VII claim.

- Jones states for the record that the circumstances around his termination fall under 5 USC 7703(c), and any claim of Title VII discrimination will play no part in this litigation, despite Jones stating that his former supervisor, Lt Col Oscar Alanis, may have retaliated against Jones for filing the EEO complaint against Alanis in December of 2020.  In so doing, Jones understands that this action alters the complaint.

- The Clerk of Court stated that Jones included a designation regarding discrimination in the Form 10 that Jones submitted as part of the litigation process.  Jones reviewed the form, and the court is partly correct – Jones said that retaliation may be possible due to the previous EEO complaint that Jones filed against his former supervisor, Lt Col Oscar Alanis, in December of 2020 when Alanis was not Jones' supervisor.  The court stated that the change in the respondent is necessary because Jones identified that retaliation prompted Jones' termination.  Jones did not make that statement; Jones stated that it could possibly have played a part.  Since the court states that the recaptioning of the litigation squarely rests on Jones' statement of possible retaliation in Form 10 and elsewhere, then Jones **will abandon this issue for future inclusion in this court's proceedings**.  With this concession, Jones presents a motion before the court to – (1) recaption the complaint against the Navy (USMC) and not the MSPB, and (2) dismiss the claim of Title VII discrimination (retaliation) into this appeal.

*Id.* at 4, 10, 12–13 (emphasis added).  Plaintiff followed up in a May 24, 2023 filing to the

Federal Circuit with further statements walking back his Title VII claim:

- In Form 10, Jones stated that he had filed an EEO complaint against Lt Col Oscar Alanis and stated that retaliation may have played a factor in the decision to terminate Jones. Jones did not state absolutely that he was pursuing a claim of retaliation – Jones stated that it could have been a motivating factor.  There is a difference.  Regardless of the Form 10, Jones stated in ECF 21 that he has relinquished the discrimination claim under Title VII.  To make it as absolutely clear as possible, Jones makes the following declaration:  **"I am not pursuing any discrimination claim under Title VII in this**

**litigation.**" There should be no question that Jones will not address any Title VII concern moving forward.

*Id.*, ECF No. 25 at 4–5 (emphasis in original). On June 14, 2023, the Federal Circuit held that it lacked jurisdiction over a "mixed-case" appeal from the MSPB unless Plaintiff dropped his discrimination claims, and noted its intent to transfer the case to this Court pursuant to 28 U.S.C. § 1631 unless Plaintiff formally waived his Title VII claims within thirty days by filing a corrected Form 10 (i.e., the above-mentioned form in which litigants mark whether they are formally appealing a discrimination claim). *Id.*, ECF No. 26-1 at 2. Plaintiff failed to do so, instead requesting transfer of the case to this Court. *Id.*, ECF No. 27 at 2.

Accordingly, Plaintiff has taken a meandering road regarding his retaliation claim. Initially, Plaintiff affirmatively stated that he did *not* wish to abandon his discrimination claim, though on the same form, he characterized the alleged retaliation as "POSSIBLE." *Id.*, ECF No. 3 at 1–2. He then posited in his February 20, 2023 informal brief that it was his "belief" that Alannis retaliated against him for filing an EEO complaint. *Id.*, ECF No. 11 at 7. However, he framed this argument as an "affirmative defense." *Id.* Next, Plaintiff made a series of statements in his May 17 and May 24, 2023 filings in which he apparently disavowed his Title VII claim, culminating with his bolded-text declaration that he was "**not pursuing any discrimination claim under Title VII in this litigation.**" *Id.*, ECF No. 25 at 5. And yet when the Federal Circuit offered Plaintiff the opportunity to formally abandon any discrimination claims by completing a new form, *id.*, ECF No. 26-1 at 2, he did not so.

Moreover, Plaintiff's opposition to Defendant's instant Motion to Dismiss re-raises his retaliation argument, attempting to "bridge prior EEO activity to [Plaintiff's supervisor] as part

of this litigation." (Pl.'s Opp. at 27.)[6]  Plaintiff elaborates further in this brief, stating that he had

filed an EEO complaint against Alanis for making defamatory comments regarding a female

contractor, and thus that "Alanis certainly had a motive to retaliate against Jones." (*Id.* at 29.)

The Court therefore confronts a complicated fact pattern in which Plaintiff first raised a

retaliation claim (albeit with some equivocating language), then made forceful statements

apparently walking away from this claim, then did not *formally* abandon it when given the

opportunity, and finally used his response opposing the Motion to Dismiss to *re-raise* his

allegation regarding Alanis' motive to terminate Plaintiff.

As Defendant notes, (Reply at 4), plaintiffs — even when proceeding *pro se* — cannot

amend their complaints through motions practice. *See, e.g.*, *Anand v. Commonwealth*, 2023 WL

7301995, at *6 n.6 (E.D. Va. Nov. 3, 2023) (holding that a *pro se* plaintiff "is bound by the

allegations contained in [his] complaint and cannot, through the use of motion briefs, amend the

complaint"); *Fredricks v. Council of Inspectors Gen. of Integrity & Efficiency*, 2023 WL

7222107, at *6 n.4 (E.D. Va. Nov. 2, 2023) (rejecting a litigant's attempt to amend the complaint

through his opposition to a pending motion to dismiss); *Zachair, Ltd. v. Driggs*, 965 F. Supp.

741, 748 n.4 (D. Md. 1997), *aff'd* 141 F. 3d 1162 (4th Cir. 1998) (characterizing an argument

that plaintiff initially raised in opposition to a motion to dismiss, rather than in the complaint, as

a "desperate attempt to regroup" that qualified as "substantively valid" but "procedurally

deficient").

Indeed, in the context of a *pro se* pleading, "[l]iberal construction means that the court

will read the pleadings to state a valid claim to the extent that it is possible to do so from the

---

[6]     The Court notes that in his initial filing with this Court after the Federal Circuit's transfer
of the case, Plaintiff made no reference to bringing a retaliation claim.  (ECF No. 4.)

facts available; it does not mean that the court should rewrite the complaint to include claims

never presented." *Farrish v. Navy Fed. Credit Union*, 2017 WL 818715, at *2 (D. Md. Mar. 2,

2017) (noting that "it is axiomatic that the complaint may not be amended by the briefs in

opposition to a motion to dismiss"). Accordingly, even while liberally construing Plaintiff's

arguments and viewing the facts most favorable to Plaintiff, *Mylan*, 7 F.3d at 1134, the Court

cannot graft Plaintiff's opposition brief conjectures onto the body of his appeal from the MSPB.

Setting aside Plaintiff's speculation in his opposition brief and returning to Plaintiff's

filings with the Federal Circuit, the Court cannot clearly discern whether Plaintiff actually seeks

to proceed with his discrimination claim. *Compare* Case No. 23-1442, ECF No. 25 at 5 (stating

that "I am not pursuing any discrimination claim under Title VII in this litigation"),) *with id.*,

ECF No. 3 at 3 (marking the box entitled "I did claim that I was discriminated against before the

MPSB or the Arbitrator and I do <u>not</u> wish to abandon my discrimination claims"). But even

giving Plaintiff the procedural benefit of the doubt as a *pro se* litigant, the Court finds that

Plaintiff has failed to elevate his retaliation claim "above the speculative level" to be plausible

rather than merely conceivable. *Twombly*, 550 U.S. at 555, 570.

Plaintiff stated in his original Form 10 that he filed with the Federal Circuit that his

discrimination claim arose from "POSSIBLE retaliation for having filed an EEO complaint in

December 2020. USMC dismissed this case in March/April 2021." Case No. 23-1442, ECF No.

3 at 2. He slightly expounded in his informal brief for the Federal Circuit, stating his "belief that

Alanis, suspecting that Jones could still be a probationary employee, retaliated against Jones for

having filed the [EEO] complaint against Alanis." *Id.*, ECF No. 11 at 7. Plaintiff's bare

allegation that he lost his position with the Navy because he filed an EEO complaint against the

officer who terminated him, standing alone, strikes the Court as overly speculative, failing to

establish "a causal connection between the protected activity and the asserted adverse action." *Ziskie*, 547 F.3d at 229; *see Salagh*, 2017 WL 976620, at *3 (holding that "the bare allegation that [plaintiff] was demoted and a white male employee took her place does not plausibly allege national origin or gender discrimination," even when plaintiff also alleged that defendant "consistently acted in a manner demonstrating disrespect" for plaintiff's ethnic group and "demonstrated intolerance for women over the age of [thirty] and strong American women in leadership positions"). Indeed, Plaintiff equivocates in his own Form 10 with his statement that retaliation was "POSSIBLE." Case No. 23-1442, ECF No. 3 at 2.

Critically, the *timing* of Plaintiff's allegations heavily cuts against surviving the Motion to Dismiss. Plaintiff stated that he "filed an EEO complaint in December 2020", which the U.S. Marine Corps dismissed "in March/April 2021." *Id.*, ECF No. 3 at 2. Plaintiff received his Termination Notice in September 2022. (AR 32.) The Supreme Court, the Fourth Circuit and this Court have all rejected a delayed adverse action as the basis for a retaliation claim. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (holding that a lack of temporal proximity between the protected activity and retaliatory conduct suggests "no causality at all"); *Pascual v. Lowe's Home Centers, Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (explaining that "three to four months" constitutes an overly lengthy delay to establish causality); *Harris v. Wormuth*, 2023 WL 6149071, at *6 (E.D. Va. Sept. 20, 2023) (describing the delay between plaintiff's EEO complaint and adverse actions as particularly "fatal" to a retaliation claim, when the adverse actions came five months and twenty months after plaintiff filed the EEO complaint). The gap between April 2021 to Plaintiff's termination in September 2022 correspondingly strikes the Court as even more fatal to Plaintiff's retaliation claim.

Even when viewing the facts in the light most favorable to Plaintiff, his retaliation claim fails to rise above speculation. Accordingly, the Court will GRANT Defendant's Motion to Dismiss with respect to Plaintiff's claim of Title VII retaliation.

## IV. MOTION FOR A JURY TRIAL

Lastly, the Court turns to Plaintiff's October 3, 2023 Motion for a Jury Trial, pursuant to Rules 5, 38, and 39 of the Federal Rules of Civil Procedure. (ECF No. 13.) Plaintiff argues that the Seventh Amendment entitles him to a jury trial. (*Id.* at 6.) Defendant opposes this Motion. (ECF No. 23.) Because the Court has decided to grant Defendant's Motions for Partial Summary Judgment on Plaintiff's appeal of the Board's dismissal of his administrative appeal and to Dismiss Plaintiff's Title VII retaliation claim, the Court will hereby DENY AS MOOT Plaintiff's Motion for a Jury Trial, (ECF No. 13).

## V. CONCLUSION

For the foregoing reasons, the Court will hereby GRANT Defendant's Motion for Partial Summary Judgment and Motion to Dismiss, (ECF No. 19), and will DENY Plaintiff's Motion for a Jury Trial, (ECF No. 13). The Court will therefore AFFIRM the MSPB's dismissal of Plaintiff's appeal for lack of jurisdiction.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify *pro se* Plaintiff and all counsel of record.

An appropriate Order shall issue.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated: December 22, 2023

21